UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORMA ELIZALDE,                     )<br>                                                    )<br>        Plaintiff,                           )<br>                                                    )<br>        v.                                        )<br>                                                    )<br>MELVIN MERRITT, M.D.,            )<br>AUNT MARTHA'S YOUTH SERVICE )<br>CENTER, INC., an Illinois Corporation, and )<br>ADVOCATE HEALTH AND HOSPITAL )<br>CORPORATION, d/b/a, ADVOCATE SOUTH )<br>SUBURBAN HOSPITAL,               )<br>                                                    )<br>        Defendants.                         ) | No. 12 C 1092<br>Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

    Presently before us is the United States' motion to dismiss for failure to exhaust administrative remedies. In order to properly respond to this motion, Plaintiff requests limited discovery. For the reasons set forth below, we will take the Government's motion under consideration and allow limited discovery.

    Plaintiff Norma Elizalde ("Plaintiff") filed this medical malpractice claim against Melvin Merritt, M.D. ("Dr. Merritt"), Aunt Martha's Youth Service Center Inc. ("Aunt Martha's"), and Advocate Health and Hospitals Corporation, d/b/a, Advocate South Suburban Hospital ("South Suburban"). Aunt Martha's and South Suburban are added as defendants on a theory of respondeat superior. The complaint was filed in the Circuit Court of Cook County. After obtaining a certification from the Attorney General, stating that Dr. Merritt was acting as a

1

federal employee at the time of the incident, the United States substituted itself as a defendant and removed the case to the District Court. *See* 28 U.S.C. § 2679(d)(1), (2) (Attorney General may certify "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," in which case "the United States shall be substituted as the party defendant."). The discovery requested by Plaintiff would focus on challenging the accuracy of the Attorney General's statement that Dr. Merritt was working as a federal employee at the time of the incident.

The "certification that a federal employee was acting within the scope of his employment" is subject to judicial review. *Guiterrez de Martinez v. Lamagno*, 515 U.S. 417, 434, 115 S. Ct. 2227, 2236 (1995); *see also Godbout v. Parizek*, No. 03 C 2879, 2004 WL 442601, at *3 (N.D. Ill. Feb. 9, 2004). This review should be undertaken at the earliest possible stage in the proceeding as a ruling on the federal employee's immunity can impact the remaining litigation. *Osborn v. Haley*, 549 U.S. 225, 253, 127 S. Ct. 881, 901 (2007). The party challenging the certificate has the burden of proving that it was made in error. *Hasbun v. United States*, No. 10 C 2000, 2010 WL 5150986, at *5 (N.D. Ill. Dec. 10, 2010); *Carlson v. Hood*, No. 04 C 7937, 2005 WL 3005617, at *1 (N.D. Ill. Nov. 7, 2005).

Without making a judgment as to the relevant employment status, and in an abundance of caution and fairness to Plaintiff, we will allow the requested discovery. *See Neal v. United States*, No. 11 C 7406, 2011 WL 6119148, at *1 (N.D. Ill. Dec. 8, 2011) (denying motion to dismiss and requesting response). Plaintiff has thirty days from the entry of this order to complete limited discovery addressing Dr. Merritt's employment at the time of his alleged negligence. Plaintiff shall file a supplemental response no later than October 15, 2012. If

Plaintiff neglects to do so, her claim shall be dismissed for a failure to exhaust administrative remedies under the FTCA. The Government may file a reply no later than October 29, 2012. In their filings, the parties should address whether Plaintiff has met her burden of challenging the Attorney General's certificate, including whether an evidentiary hearing is necessary. The parties should also address the potential ruling's effect on subject matter jurisdiction. A status hearing will be held on Thursday, December 6, 2012 at 10:30 a.m. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: August 27, 2012