UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORMA ELIZALDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MELVIN MERRITT, M.D., AUNT MARTHA'S ) | Case No. 12 C 1092 |
| YOUTH SERVICE CENTER, INC., an Illinois ) | Judge Marvin E. Aspen |
| Corporation, and ADVOCATE HEALTH AND ) | |
| HOSPITAL CORPORATION, d/b/a, ) | |
| ADVOCATE SOUTH SUBURBAN HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Plaintiff Norma Elizalde ("Plaintiff") filed a medical malpractice claim in the Circuit Court of Cook County against Melvin Merritt, M.D. ("Dr. Merritt"), Aunt Martha's Youth Service Center, Inc. ("Aunt Martha's"), and Advocate Health and Hospitals Corporation, d/b/a, Advocate South Suburban Hospital ("South Suburban"). (Dkt. No. 1, Ex. A.) The United States substituted itself as a defendant pursuant to 28 U.S.C. §§ 2679(d)(1)-(2) and removed the case to the District Court. Presently before us is the United States' unopposed motion to dismiss the federal defendants for failure to exhaust administrative remedies. For the following reasons, we grant the motion and dismiss this case.

### BACKGROUND

Plaintiff originally filed suit in the Circuit Court of Cook County, alleging negligence against Dr. Merritt for failing to monitor and diagnose certain medical problems. (Dkt. No. 1,

Ex. A.) The Complaint included Defendants Aunt Martha's and South Suburban on a theory of respondeat superior. The United States obtained a certification from the Attorney General stating that Dr. Merritt and Aunt Martha's were employees of the United States at the time of the incident under 42 U.S.C. § 233, for the purposes of the Federal Tort Claims Act ("FTCA"). (*See* Dkt. No. 1, Ex. B (explaining that Aunt Martha's received federal grant money and that Dr. Merritt was employed by Aunt Martha's at the relevant time).) As a result, the United States substituted itself as a defendant for both Dr. Merritt and Aunt Martha's and removed the case to the District Court pursuant to 28 U.S.C. § 2679(d)(1)-(2). (Dkt. No. 1 ¶¶ 2–4.)

On March 6, 2012, the United States filed a motion to dismiss for failure to exhaust administrative remedies. (Dkt. No. 6.) The United States argued that the FTCA provides the exclusive jurisdictional basis for Plaintiff's claim and bars Plaintiff from filing suit without first making an administrative claim. (*Id.* ¶¶ 3–4.) Plaintiff filed a response to Defendant's motion to dismiss and a counter-motion requesting limited discovery on the issue of Dr. Merritt's scope of employment. (Dkt. No. 9.) She argued that we were under no obligation to accept Defendant's assertion that Dr. Merritt was acting as an employee of the United States at the time of the alleged negligence. (*Id.* ¶ 4.) Accordingly, she sought additional discovery on the status of Dr. Merritt's employment. (Dkt. No. 9, ¶¶ 4, 10.)

"The certification that a federal employee was acting within the scope of his employment" is subject to judicial review. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434, 115 S. Ct. 2227, 2236 (1995). We therefore granted Plaintiff thirty days to conduct limited discovery and ordered Plaintiff to file a supplemental response to Defendant's motion. Plaintiff's counsel has since informed us that she will not file a supplemental response.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.

## ANALYSIS

The FTCA is the exclusive jurisdictional basis for a common law tort claim against the United States or any federal employee "acting within the scope of his office or employment." 28

3

U.S.C. § 2679(b)(1); *Duffy v. U.S.*, 996 F.2d 307, 313 (7th Cir. 1992). No FTCA action may be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency. 28 U.S.C. § 2675(a); *LeGrande v. U.S.*, 687 F.3d 800, 812–13 (7th Cir. 2012) (citation omitted); *Sanchez v. U.S. Dist. Court, Philadelphia, Pa.*, No. 92 C 0605, 1993 WL 326843, at *1 (N.D. Ill. Aug. 25, 1993) ("The exhaustion of administrative remedies is an absolute prerequisite to maintaining an action under the FTCA."). "The requirement of first presenting the claim to the appropriate federal agency includes the giving of sufficient notice to enable the agency to investigate the claim" and begin settlement negotiations. *Charlton v. U.S.*, 743 F.2d 557, 559–60 (7th Cir. 1984).

Plaintiff has declined to respond to the pending motion. As explained in our earlier opinion, the party challenging the Attorney General's certification has the burden of proving that it was made in error. *Hasbun v. United States*, No. 10 C 2000, 2010 WL 5150986, at *5 (N.D. Ill. Dec. 10, 2010); *Carlson v. Hood*, No. 04 C 7937, 2005 WL 3005617, at *1 (N.D. Ill. Nov. 7, 2005). Plaintiff here has failed to provide any evidence, despite additional discovery, showing that Dr. Merritt was not a federal employee at the time of the alleged negligence. In the absence of any evidence or argument to rebut the Attorney General's certification, we hold that Plaintiff has not satisfied this burden. Accordingly, Plaintiff's claims against Dr. Merritt and Aunt Martha's fall under the scope of the FTCA.

Plaintiff has not alleged, let alone demonstrated, that she presented an administrative claim before filing this lawsuit. Defendant, on the other hand, has submitted a declaration from Meredith Torres, Senior Attorney with the Department of Health and Human Services ("DHHS"), testifying that her search of the agency's database revealed no record of any

administrative claim filed by Plaintiff. (Dkt. No. 6, Ex. A.) *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) ("The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."). Accordingly, Plaintiff's FTCA claims against Dr. Merritt and Aunt Martha's must be dismissed for failure to exhaust administrative remedies.[1]

To the extent that Plaintiff pursues any negligence claim against South Suburban apart from the claim against Dr. Merritt, we decline to exercise supplemental jurisdiction over any such state-law claims. The remaining state-law claims are remanded to the Circuit Court of Cook County.

## CONCLUSION

For the foregoing reasons, we grant the federal defendants' motion to dismiss and remand the remaining claims to the Circuit Court of Cook County. It is so ordered.

Marvin E. Aspen
United States District Judge

Dated:   Chicago, Illinois
         March 6, 2013

---

[1] This order supercedes our order in open court on February 14, 2013, dismissing Dr. Merritt pending the outcome of his pending bankruptcy proceedings.